**APPLICATION OF UTICA MUTUAL INSURANCE COMPANY, for an Order Pursuant to C.P.L.R. 7503(B) Staying Arbitration of a Certain Controversy and Disqualifying Chadbourne & Parke LLP from Representing INA Reinsurance Company n/k/a R&Q Reinsurance Company in the Arbitration, Petitioner–Appellant,**

v.

**INA REINSURANCE COMPANY n/k/a R&Q Reinsurance Company, Respondent–Appellee,**

**and**

**Chadbourne & Parke LLP, Respondent.**

No. 10–4164–cv.

United States Court of Appeals, Second Circuit.

March 15, 2012.

Robert Morrow, Hunton & Williams LLP, New York, N.Y. (Walter J. Andrews, Syed S. Ahmad, Hunton & Williams LLP, McLean, VA, on the brief), for appellant.

John F. Finnegan, Chadbourne & Parke LLP, New York, N.Y. (Philip Goodman, Kate McSweeny, Chadbourne & Parke LLP, Washington, DC, on the brief), for appellee.

PRESENT: JOSEPH M. McLAUGHLIN, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant Utica Mutual Insurance Company ("Utica") appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), denying Utica's motion to disqualify Chadbourne & Parke LLP ("Chadbourne") as counsel for Appellee INA Reinsurance Company ("R&Q") in an arbitration dispute between Utica and R&Q. Utica also challenges the district court's discovery prophylaxis, and it's unsealing of certain confidential, nonprivileged information underlying Utica's motion to disqualify Chadbourne. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The denial of a motion to disqualify counsel is reviewable only for abuse of discretion. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.1990). In light of the limited facts and issues presented for our review, we find that the district court did not abuse its discretion in denying Utica's motion to disqualify Chadbourne. In coming to this conclusion, we emphasize that we take no position as to whether the district court should have applied New York State law considering that this proceeding was removed from New York State court and addresses only whether disqualification is appropriate. We also take no position as to whether an ethical wall can be sufficient to rebut the presumption of disqualification of a law firm where the conflicted attorney possesses material information about a former client. *See, e.g., Kassis v. Teacher's Ins. & Annuity Ass'n.*, 93 N.Y.2d 611, 616–17, 695 N.Y.S.2d 515, 717 N.E.2d 674 (1999). Utica did not raise these issues below or on appeal, and we decline to consider them now in the first instance.

Next, we reject Utica's assertion that the district court's discovery prophylaxis was "incomplete." The district court's discovery prophylaxis was irrelevant to the disqualification motion and was voluntarily accepted by R&Q. Utica has no basis to challenge it on appeal.

■ Finally, the district court did not abuse its discretion in unsealing the record. To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir.2006). The decision to seal the record "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Here, the district court concluded that Utica's *in camera* and privileged submissions will remain under seal. The district court did not abuse its discretion in determining that the public's interest in access to other nonprivileged documents outweighed Utica's privacy interests in keeping those documents sealed.

We have considered Utica's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court should be **AFFIRMED.**